# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LATRISH LONG,<br><br>        Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>        Defendant. | CIVIL ACTION NO. 3:19-CV-01660<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM OPINION

Plaintiff Latrish Long ("Long") brings this action under sections 205 and 1631 of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference), for judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. For the following reasons, the undersigned shall order the Commissioner's decision be affirmed.

## I. BACKGROUND AND PROCEDURAL HISTORY

In June 2017, Long protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income, claiming disability beginning August 2, 2013, due to severe osteoarthritis of the right knee, tear of the medial meniscus of the right knee, anxiety, headaches, memory issues, lymphocytose problems, heart condition, and asthma. (Doc. 8-3, at 18-19). The Social Security Administration initially denied both applications in August 2017, prompting Long's request for a hearing, which Administrative Law Judge (ALJ) Mike Oleyar held on October 24, 2018. (Doc. 8-4, at 2-11; Doc. 8-2, at 54). In a written opinion dated January 11, 2019, the ALJ determined that Long was not disabled

from August 2, 2013, through the date of the decision, and therefore not entitled to benefits under Titles II or XVI. (Doc. 8-2, at 47-48). On May 10, 2019, the Appeals Council denied Long's request for review. (Doc. 8-2, at 2-4).

On September 25, 2019, Long filed the instant complaint. (Doc. 1). The Commissioner responded on December 11, 2019, providing the requisite transcripts from Long's disability proceedings. (Doc. 7; Doc. 8). The parties then filed their respective briefs, with Long raising one basis for reversal or remand. (Doc. 11; Doc. 12; Doc. 13).

## II. STANDARDS OF REVIEW

To receive benefits under Titles II or XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905.[1] Additionally, to be eligible to receive benefits under Title II of the Social Security Act, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a)(1)(a); 20 C.F.R. § 404.131.

---

[1] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(d).

A.  ADMINISTRATIVE REVIEW

In evaluating whether a claimant is disabled, the "Social Security Administration, working through ALJs, decides whether a claimant is disabled by following a now familiar five-step analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 200–01 (3d Cir. 2019). The "burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security." *Hess*, 931 F.3d at 201; 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1). Thus, if the claimant establishes an inability to do past relevant work at step four, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform consistent with his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1).

B.  JUDICIAL REVIEW

The Court's review of a determination denying an application for benefits is limited "to considering whether the factual findings are supported by substantial evidence." *Katz v. Comm'r Soc. Sec.*, No. 19-1268, 2019 WL 6998150, at *1 (3d Cir. Dec. 20, 2019). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be

"something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Long is disabled, but whether the Commissioner's determination that Long is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record," the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

### III. THE ALJ'S DECISION[2]

In his written decision, the ALJ determined that "[Long] has not been under a disability, as defined in the Social Security Act, from August 2, 2013, through the date of this

---

[2] At the outset, the ALJ determined that Long met the insured status requirements of the Social Security Act through December 31, 2018. (Doc. 8-2, at 35).

decision . . ..." (Doc. 8-2, at 47). Further, the ALJ determined that Long was capable of performing sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a)[3] with additional limitations identified *infra*. (Doc. 8-2, at 38). The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

    A.   STEP ONE

At step one of the five-step analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If a claimant is engaging in SGA, the claimant is not disabled, regardless of age, education, or work experience. SGA is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. §§ 404.1520(b), 416.920(b). In making this determination, the ALJ must consider only the earnings of the claimant. 20 C.F.R. § 404.1574; 20 C.F.R. § 416.974.

Here, the ALJ determined that Long "has not engaged in substantial gainful activity since August 2, 2013, the alleged onset date." (Doc. 8-2, at 35). Thus, the ALJ's analysis proceeded to step two.

    B.   STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the 12-

---

[3] This limitation "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools… Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a). Generally, "a sedentary job is defined as one which involves sitting." 20 C.F.R. §§ 404.1567(a), 416.967(a).

month duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ determines that the claimant does not have an impairment or combination of impairments that significantly limits his or her "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If a claimant establishes a severe impairment or combination of impairments, the ALJ analysis continues to the third step.

Here, the ALJ concluded that Long had the following severe impairments: degenerative joint disease of the right knee and chondral flap and meniscus tear; patellofemoral syndrome; cervical lymphadentis and lymphocytosis; cervical, thoracic, and lumbar degenerative disc disease with retrolisthesis of L5 on S1; headaches; asthma; fibromyalgia; chronic fatigue syndrome; carotid artery stenosis; and cardiomegaly. (Doc. 8-2, at 36).[4]

C. STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. Part 404, Subpt. P, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

The ALJ determined that none of Long's impairments, considered individually or in

---

[4] Additionally, the ALJ found that Long had three non-severe impairments: hypertension, hematuria, and thrombocytopenia. (Doc. 8-2, at 36).

combination, meets or equals the severity of a listed impairment. (Doc. 8-2, at 37). The ALJ considered the musculoskeletal listings under section 1.00 of appendix 1 – specifically, listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine) – as well as the respiratory listings under section 3.00 and the cardiovascular listings under section 4.00. 20 C.F.R. Part 404, Subpt. P, App. 1 §§ 1.00, 3.00, 4.00; (Doc. 8-2, at 37-38).

   D.   RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the evidence presented. At this intermediate step, the ALJ considers "all [the claimant's] symptoms . . . and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). This involves a two-step inquiry where the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. §§ 404.1529(b)–(c), 416.929(b)–(c).

Here, based on his consideration of the medical opinions and other relevant evidence in the record, the ALJ determined that Long has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she (1) "would be limited to occasional[ly] using foot controls with the bilateral lower extremities;" (2) "would be limited to occasional balancing, stooping, crouching, crawling, and climbing ramps and stairs, but should never climb ladders, ropes, or scaffolds, or kneel;" (3) "should have no exposure to atmospheric conditions, extreme cold, extreme heat, wetness, or humidity;" (4) "should have

no exposure to vibrations or hazards such as unprotected heights, dangerous moving mechanical parts, or operating a motor vehicle;" (5) "would be limited to simple, routine tasks;" (6) "would require a sit/stand option every thirty minutes;" and (7) "would require a cane to ambulate." (Doc. 8-2, at 38).

  E. STEP FOUR

Having assessed a claimant's RFC, step four requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past relevant work is defined as work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b), 416.960(b). "If the claimant can perform [her] past relevant work despite [her] limitations, [s]he is not disabled." *Hess*, 931 F.3d at 202 (citing 20 C.F.R. § 404.1520(a)(4)(iv)).

Here, the ALJ found that Long was unable to perform past relevant work as a sales representative and an investment sales representative. (Doc. 8-2, at 46).

  F. STEP FIVE

Finally, at step five of the sequential analysis process, the ALJ considers the claimant's age, education, and work experience to see if a claimant can make the adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). These factors are not considered when evaluating a claimant's ability to perform past relevant work. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). If a claimant can adjust to other work, he or she will not be considered disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

In his step-five analysis, the ALJ determined that Long was 38 years old on the alleged onset date, defined as a younger individual age 18-44 as set forth by 20 C.F.R. §§ 404.1563, 416.963, and had "at least a high school education and is able to communicate in English" as considered in 20 C.F.R. §§ 404.1564, 416.964. (Doc. 8-2, at 46). The ALJ determined that upon consideration of these factors, Long's RFC, and the testimony of a vocational expert, "there are jobs that exist in significant numbers in the national economy that [Long] can perform." (Doc. 8-2, at 46). The ALJ specifically identified occupations of system monitor, inspector, and order clerk, all unskilled jobs with at least 135,000 openings nationally. (Doc. 8-2, at 47).

Concluding his analysis, the ALJ determined that Long was not disabled and denied her applications for benefits. (Doc. 8-2, at 47-48).

### IV. DISCUSSION

On appeal, Long submits that the ALJ "fail[ed] to properly account for the impact of [Chronic Fatigue Syndrome] when assessing Plaintiff's RFC, as required by Social Security Ruling (SSR) 14-1p." (Doc. 11, at 4). Long contends that the ALJ failed to thoroughly consider the medical record or address the opinions of Dr. De and Dr. Williams before "only briefly" mentioning fatigue in his RFC evaluation. (Doc. 11, at 5-12). Long asserts that despite Chronic Fatigue Syndrome (CFS) being deemed a severe impairment, the ALJ overlooked frequent complaints of fatigue, objective signs of fatigue, and limitations set forth by Dr. De due to fatigue. (Doc. 11, at 5-6). The opinions of Dr. De as to Long's ability to work were wrongfully discounted, according to the Plaintiff. (Doc. 11, at 11). Long further asserts that an ALJ's failure to discuss SSR 14-1p and its application to a case is grounds for remand. (Doc. 11, at 12).

The Commissioner submits that he fully accounted for Long's CFS in his RFC. (Doc. 12, at 18-19). According to the Commissioner, the ALJ expressly mentioned it in his discussion of Long's RFC, and it was considered before his finding that substantial evidence supported the determined limitations. (Doc. 12, at 19-21). The Commissioner asserts that Dr. De's opinion was not consistent with objective evidence in the record nor the opinion of Dr. Gandhi. (Doc. 12, at 24-26).

In support of her argument that substantial evidence of disability-causing CFS was not addressed, Long cites to multiple occasions where medical providers noted that she suffered from fatigue. (Doc. 11, at 5). The ALJ did not dispute that Long suffered from CFS, indeed he included it in her list of severe impairments. (Doc. 8-2, at 36). Rather, the ALJ determined that the intensity, persistence, and limiting effects of Long's CFS symptoms allowed her to work in accordance with her RFC. (Doc. 8-2, at 38-39). Therefore, the intensity, persistence, and limiting effects of Long's symptoms will be the focus of this analysis, rather than the general existence of CFS.

As the Plaintiff correctly states, the RFC assessment must be based on all the relevant evidence in the record. SSR 14-1P, at *9. However, this does not mean that all evidence must be implemented in the RFC; indeed, such would be impossible. Plaintiff herself cites *Podany v. Berryhill*, 2018 WL 3574939 (W.D. Pa. 2018), in which the court explains,

> The question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims.

*Podany*, 2018 WL 3574939, at *3 (quoting *Hundley v. Colvin*, 2016 WL 6647913, * 2 (W.D. Pa. 2016) (internal citations omitted).

The ALJ's duty is to resolve the existence of countervailing evidence rather than ignore it. *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986). If this is done, and the countervailing evidence is not "overwhelming," then the ALJ's determination may run counter to substantial evidence. *Gilliland*, 786 F.2d at 183. The ALJ may not, however, reject evidence for no reason or for the wrong reason. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Speculation and lay medical opinion may not be performed, rather contradictory medical evidence must form the basis for rejection. *Sholtis v. Astrue*, 2012 WL 383664, at *4 (M.D. Pa. 2012).

CFS is a syndrome that causes prolonged fatigue lasting 6 months or more. SSR 14-1P, at *2. Additional symptoms include muscle weakness, disturbed sleep patterns, visual difficulties, orthostatic intolerance, respiratory difficulties, cardiovascular abnormalities, gastrointestinal discomfort, and urinary or bladder problems. SSR 14-1P, at *3.

Much of Long's challenge to the RFC arises from the opinions of Dr. Sulagna De, M.D.[5] Long submits that Dr. De's limitations were wrongly discounted, as "the ALJ did not account for the impact of CFS, despite finding at step two that CFS was a severe impairment." (Doc. 11, at 11). Long identifies two opinions which she alleges the ALJ did not adequately consider. (Doc. 11, at 5-6). The first was written on February 19, 2017, when Dr. De opined that Long could not stand or sit upright for six to eight hours, needed to lie down during the day, and was limited to walking 15 minutes at a time and lifting or carrying no more than five pounds during an eight-hour period. (Doc. 8-7, at 86, 89; Doc. 11, at 5). On this date, Dr. De also stated that Long was prevented from lifting, pulling, pushing, bending, standing, walking, and prolonged sitting. (Doc. 8-7, at 87). Dr. De's second opinion identified by Long was

---

[5] The ALJ mistakenly identified Dr. De as "Dr. Suldema" in his decision. (Doc. 12, at 24).

written on October 10, 2018, and contained the same limitations, except that Long could lift and carry 5-10 pounds during an eight-hour period. (Doc. 8-12, at 72). Dr. De opined that Long could not work due to inability to stand or walk and would be unable to return to work. (Doc. 8-12, at 74).

In his decision, the ALJ noted Dr. De's 2017 opinion that Long could not lift or carry more than five pounds, could walk for fifteen minutes, stand for fifteen minutes, and sit for fifteen to twenty minutes at a time. (Doc. 8-2, at 45). The ALJ also noted Dr. De's 2018 opinion[6] that Long could stand for fifteen minutes, sit for forty-five minutes, walk 300 feet, and lift and carry five to ten pounds. (Doc. 8-2, at 45). In discounting these opinions, the ALJ identified substantial contradictory evidence. Namely, the ALJ noted findings in the record that Long retained full strength, had negative straight leg raise tests, and walked with a normal gait at most appointments. (Doc. 8-2, at 45). The record bears out the ALJ's findings. In June 2015, March 2016, April 2016, December 2016, February 2017, May 2017, June 2017, and July 2017, Long had normal motor tone, strength, and only limited range of motion in her right knee, and walked with a normal gait, even with occasionally reported fatigue. (Doc. 8-7, at 22; Doc. 8-8, at 25, 29, 34, 36-37, 39, 41-42, 45). The ALJ also noted that despite the limited range of motion in her knee, Long experienced no pain with flexion or extension in early March 2017. (Doc. 8-2, at 40; Doc. 8-7, at 115; Doc. 8-9, at 49, 53). In October 2017, Long had normal motor tone and strength, with an antalgic gait due to pain in her knee arising from osteoarthritis of the right knee, tear of the meniscus in the right knee, and pain of the right patellofemoral joint. (Doc. 8-10, at 99-100). There is no indication CFS contributed to

---

[6] This opinion was erroneously dated October 2017 by the ALJ. (Doc. 8-2, at 45).

her antalgic gait. (Doc. 8-10, at 99-100).

As for medical records from 2018, the ALJ noted that in January, Long retained normal strength and walked with a normal gait; in March, Long continued to walk with a normal gait and had normal strength; in June and July, Long walked with an antalgic gait likely due to her right knee condition, yet retained full strength; in August, she had normal strength and walked with a normal gait; and in September, she retained full strength and walked with a normal gait. (Doc. 8-2, at 42-44; Doc. 8-11, at 52, 56, 64, 68; Doc. 8-12, at 53).

In addition to medical records, the ALJ identified substantial evidence in the form of Dr. Sanjay Gandhi, M.D.'s opinion rendered on August 7, 2017, which contradicted the opinions of Dr. De. (Doc. 8-2, at 45). The ALJ noted Dr. Gandhi's opinion that Long could perform sedentary work, could frequently stoop and occasionally perform all other postural maneuvers besides pushing and pulling with the lower extremities or climbing ladders, ropes, or scaffolds. (Doc. 8-2, at 44; Doc. 8-3, at 13-15, 29-31). Dr. Gandhi opined that Long could frequently lift or carry 10 pounds and occasionally lift or carry 20 pounds, could stand or walk for four hours in an eight-hour workday, and could sit for six hours in an eight-hour workday. (Doc. 8-3, at 13, 29). Dr. Gandhi noted that Long did not feel unsteady in gait and had no problem with light household tasks. (Doc. 8-3, at 13). Dr. Gandhi also noted Long's normal motor strength and tone. (Doc. 8-3, at 10). Dr. Gandhi's opinion as to Long's functional limitations provided substantial evidence that Long was capable of sedentary work despite her CFS.

Long additionally takes issue with the ALJ's treatment of Dr. John M. Williams's opinions. (Doc. 11, at 6-8). Dr. Williams was Long's treating orthopedist and completed RFC forms on July 20, 2017, and October 15, 2018. (Doc. 11, at 6). Long states that Dr. Williams

diagnosed her with right knee degenerative joint disease with a medial meniscal tear as shown in a March 2017 MRI. (Doc. 11, at 6-7). "Dr. Williams observed that on bad days, pain caused fatigue 'which is often relieved by laying down and resting the knee.'" (Doc. 11, at 7). Long notes that Dr. Williams opined that she could not work in both his 2017 and 2018 opinions. (Doc. 11, at 7-8). The CDC has expressed that for CFS to be present, the chronic fatigue must not be explained by another physical or mental disorder. SSR 14-1P, at *3. The fatigue noted by Dr. Williams is explained by the pain in her knee due to the degenerative joint disease and meniscal tear. (Doc. 8-12, at 91). Indeed, Dr. Williams's only mention of fatigue cited by Long was due to the pain in her knee. (Doc. 8-12, at 91). All other limitations expressed by Dr. Williams, too, were direct effects of Long's knee condition, not CFS. (Doc. 8-12, at 77-82, 89-94). For this reason, Dr. Williams's opinions are irrelevant when analyzing whether the ALJ failed to properly account for the impact of CFS when assessing Long's RFC. S*ee* SSR 14-1P, at *3 ("Under the CDC case definition, the hallmark of CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that … cannot be explained by another physical or mental disorder.").

In conclusion, the ALJ cited to ample evidence that Long retained the strength and energy to perform work as prescribed by her RFC.[7] The ALJ noted that month after month Long's motor strength and range of motion were chiefly normal, and her gait was primarily

---

[7] Long's assertion that remand is warranted where the record contains evidence of CFS and an ALJ fails to explicitly discuss SSR 14-1p and its application to the claimant's case, is meritless. See *Anderson v. Saul*, 2019 WL 4673224, at *4 (W.D. Pa. 2019) (explaining that some discussion of plaintiff's symptoms and clinical findings is required to show that ALJ considered and rejected CFS complaints based on application of SSR 14-1p); *Podany*, 2018 WL 3574939, at *4 ("Because I find that the ALJ's analysis *complies* with the mandate of SSR 14-1P and because his decision in this regard is supported by substantial evidence, remand is denied.") (emphasis added).

normal except for occasional knee pain due to a torn meniscus. (Doc. 8-2, at 39-44). The ALJ also identified Dr. Gandhi's medical opinion that Long could perform sedentary work with greater capabilities than those described by Dr. De. (Doc. 8-2, at 45). In his lengthy eight-page explanation for Long's RFC, the ALJ identifies considerable – perhaps overwhelming – evidence in support of his determination as to Long's ability to work despite her impairment due to CFS. (Doc. 8-2, at 38-46). Because the ALJ resolved the existence of countervailing evidence and sufficiently supported his decision with substantial evidence, the Commissioner's decision will be affirmed. *See Gilliland*, 786 F.2d at 183.

## V. CONCLUSION

Based on the foregoing, the Commissioner's decision to deny Long benefits is ordered **AFFIRMED.**

An appropriate Order follows.

Dated: April 14, 2020              *s/ Karoline Mehalchick*
                                  **KAROLINE MEHALCHICK**
                                  **United States Magistrate Judge**